

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711     *See 0-1121*

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 25, 1968

Honorable Ned Granger
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. M-308

Re: Qualifications for the
appointment to the posi-
tion of deputy constable
under the applicable state
statutes and whether the
position is deemed a
"public office in this
state" within the meaning
of Article 1.05 of the
Texas Election Code?

Dear Mr. Granger:

You have requested an opinion from this office on

the following questions:

"1. Are there any statutory requirements
as to residence of a deputy constable, and if
there are, would you please cite them?

"2. Is the position of Deputy Constable
a 'public office in this state' within the
meaning of V.A.T.S. Election Code Art. 1.05?

"3. Must a man be a resident of a pre-
cinct in order to qualify to serve as a dep-
uty constable in that same precinct? If so,
must he have resided in the precinct for any
specified length of time?

"4. Must a man be a resident of a county
in order to qualify to serve as a deputy sheriff
of that county? If so, must he have resided in
the county for any specified length of time?"

Article 6869, Vernon's Civil Statutes, reads in

part as follows:

"Sheriffs shall have the power, by writing,

to appoint one or more deputies for their re-
spective counties, <u>to continue in office during</u>
<u>the pleasure of the sheriff</u>, who shall have power
and authority to perform all the acts and duties
of their principals; and every person so ap-
pointed shall, before he enters upon the duties
of his office, take and subscribe to the offi-
cial oath, which shall be endorsed on his ap-
pointment, together with the certificate of the
officer administering the same; and such ap-
pointment and oath shall be recorded in the
office of the County Clerk and deposited in
said office. . . ."   (Emphasis added.)

Article 6879a, Vernon's Civil Statutes, reads in part as follows:

"Section 1.  The duly elected Constable
in each Justice Precinct having a city or town
of less than eight thousand (8,000) population
according to the preceding Federal Census <u>may</u>
<u>appoint</u> one (1) Deputy and no more; and each
Justice Precinct having a city or town of eight
thousand (8,000) and less than forty thousand
(40,000) population according to the preceding
Federal Census may appoint two (2) Deputies and
no more; and in each Justice Precinct having a
town or city of forty thousand (40,000) popula-
tion or more according to the preceding Federal
Census may appoint five (5) Deputies and no
more, and <u>each and every instance said Deputy</u>
<u>Constables shall qualify as required of Deputy</u>
<u>Sheriffs. . . ."</u>   (Emphasis added.)

Article 1.05 of the Texas Election Code reads as follows:

"No person shall be eligible to be a
candidate for, or to be elected or appointed
to, any public office in this state unless
he is a citizen of the United States eligible
to hold such office under the Constitution
and laws of this state and is under none of
the disabilities for voting which are stated
in Article VI, Section 1 of the Constitution
of Texas on the date of his appointment or of

the election at which he is elected, and unless he will have resided in this state for a period of twelve months next preceding the applicable date specified below, and for any public office which is less than statewide, shall have resided for six months next preceding such date in the district, county, precinct, municipality or other political subdivision for which the office if to be filled:

"(1) For a candidate whose name is printed on the ballot for a general (first) primary election, the applicable date is the last day on which any candidate for the office involved could file his application to have his name printed on the ballot for that primary election.

"(2) For an independent or nonpartisan candidate in a general or special election, the applicable date is the last day on which the candidate's application for a place on the ballot could be delivered to the appropriate officer for receiving the application.

"(3) For a write-in candidate, the applicable date is the day of the election at which the candidate's name is written in.

"(4) For a party nominee who is nominated by any method other than by primary election, the applicable date is the day on which the nomination is made.

"(5) For an appointee to an office, the applicable date is the day on which the appointment is made.

"The foregoing requirements shall not apply to any office for which the Constitution or statutes of the United States or of this state prescribe qualifications in conflict herewith, and in case of conflict the provisions of such other laws shall control.

"Except as provided in Section 104 of this code, no ineligible candidate shall ever have his name placed upon the ballot at any primary, general or special election. No ineligible

candidate shall ever be voted upon nor have
votes counted for him at any such primary, gen-
eral or special election for the purpose
of nominating or electing him, but votes cast
for an ineligible candidate shall be taken into
account in determining whether any other candi-
date received the necessary vote for nomination
or election. No person who advocates the over-
throw by force or violence or change by uncon-
stitutional means of the present constitutional
form of government of the United States or of
this state, shall be eligible to have his name
printed on any official ballot in any general,
special or primary election in this state."

It is clearly evident that Article 1.05 of the
Texas Election Code shows on its face that it relates to the
eligibility requirements of a candidate for, or one to be
elected or appointed to any <u>elective</u> public office in this
state. It does not apply to the eligibility requirements
to serve as a deputy sheriff or constable.

We have searched the statutes and can find no
requirements for residence for deputies. We therefore
concur with you that there are no statutory requirements
as to residence for deputies.

### S U M M A R Y

There are no statutory requirements as
to residence for deputies. Article 1.05 of
the Texas Election Code applies only to
<u>elective</u> public <u>offices</u> and the eligibility
of persons to be a candidate for or one to be
elected or appointed thereto.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

- 1500 -

Honorable Ned Granger, page 5, (M-308)


Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Malcolm Quick
Bob Lattimore
Louis Neumann
Fisher A. Tyler

HAWTHORNE PHILLIPS
Staff Legal Assistant